UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF LOUISIANA

NATHANIEL JEANPIERRE, III                         CIVIL ACTION

VERSUS                                            NO. 10-4532

CUSTODIAN                                         SECTION "I"(1)

REPORT AND RECOMMENDATION

This lawsuit is one of the eight civil actions plaintiff, Nathaniel Jeanpierre, III, a state inmate, has filed within the past two months.[1] In the instant complaint, he claims that he is having breathing problems caused by exposure to asbestos floor tiles. He has sued his unidentified custodian.

A Spears hearing was held in this matter on December 21, 2010.[2] At that hearing, plaintiff testified that he "believes" the floor tiles "could be" asbestos, and he is "kind of worried about it." He is experiencing respiratory problems, and he suspects that the tiles may be the cause.

---

[1] See also Jeanpierre v. Custodian, Civ. Action No. 10-4391 "A"(1) (complaining that he contracted the flu after being denied a sweater); Jeanpierre v. Custodian, Civil Action No. 10-4393 "N"(1) (complaining of massive allergy attacks caused by exposure to dust); Jeanpierre v. Gusman, Civil Action No. 10-4395 "R"(3) (wrongful death action); Jeanpierre v. Gusman, Civil Action No. 10-4396 "D"(5) (complaining that he is being exposed to poisonous chemicals in the shower, exposed to secondhand smoke, and denied yard call); Jeanpierre v. Custodian, Civil Action No. 10-4414 "F"(1) (complaining that his legal mail was opened); Jeanpierre v. Gusman, Civil Action No. 10-4529 "B"(4) (complaining that he drank possibly contaminated water); Jeanpierre v. Custodian, Civ. Action No. 10-4533 "B"(1) (complaining that he is suffering from staph infections and bad dreams as a result of exposure to rusty metal).

[2] See Spears v. McCotter, 766 F.2d 179 (5th Cir. 1985). "[T]he Spears procedure affords the plaintiff an opportunity to verbalize his complaints, in a manner of communication more comfortable to many prisoners." Davis v. Scott, 157 F.3d 1003, 1005-06 (5th Cir. 1998). The United States Fifth Circuit Court of Appeals has observed that a Spears hearing is in the nature of a Fed.R.Civ.P. 12(e) motion for more definite statement. Eason v. Holt, 73 F.3d 600, 602 (5th Cir. 1996). Spears hearing testimony becomes a part of the total filing by the *pro se* applicant. Id.

Federal law mandates that federal courts "review, before docketing, if feasible or, in any event, as soon as practicable after docketing, a complaint in a civil action in which a prisoner seeks redress from a governmental entity or officer or employee of a governmental entity." 28 U.S.C. § 1915A(a). Regarding such lawsuits, federal law further requires:

> On review, the court shall identify cognizable claims or dismiss the complaint, or any portion of the complaint, if the complaint –
>
>> (1) is frivolous, malicious, or fails to state a claim upon which relief may be granted; or
>> (2) seeks monetary relief from a defendant who is immune from such relief.

28 U.S.C. § 1915A(b).

Additionally, with respect to actions filed *in forma pauperis*, such as the instant lawsuit, federal law similarly provides:

> Notwithstanding any filing fee, or any portion thereof, that may have been paid, the court shall dismiss the case at any time if the court determines that ... the action or appeal –
>> (i) is frivolous or malicious;
>> (ii) fails to state a claim on which relief may be granted; or
>> (iii) seeks monetary damages against a defendant who is immune from such relief.

28 U.S.C. § 1915(e)(2)(B).

A complaint is frivolous "if it lacks an arguable basis in law or fact." Reeves v. Collins, 27 F.3d 174, 176 (5th Cir. 1994). In making a determination as to whether a claim is frivolous, the Court has "not only the authority to dismiss a claim based on an indisputably meritless legal theory, but also the unusual power to pierce the veil of the complaint's factual allegations and dismiss those claims whose factual contentions are clearly baseless." Neitzke v. Williams, 490 U.S. 319, 327 (1989); Macias v. Raul A. (Unknown), Badge No. 153, 23 F.3d 94, 97 (5th Cir. 1994).

A complaint fails to state a claim on which relief may be granted when the plaintiff does not "plead enough facts to state a claim to relief that is plausible on its face. Factual allegations must be enough to raise a right to relief above the speculative level, on the assumption that all the allegations in the complaint are true (even if doubtful in fact)." In re Katrina Canal Breaches Litigation, 495 F.3d 191, 205 (5th Cir. 2007) (citation, footnote, and quotation marks omitted). The United States Supreme Court has explained:

> A claim has facial plausibility when the plaintiff pleads factual content that allows the court to draw the reasonable inference that the defendant is liable for the misconduct alleged. The plausibility standard is not akin to a "probability requirement," but it asks for more than a sheer possibility that a defendant has acted unlawfully. Where a complaint pleads facts that are merely consistent with a defendant's liability, it stops short of the line between possibility and plausibility of entitlement to relief.

Ashcroft v. Iqbal, 129 S.Ct. 1937, 1949 (2009) (citations and quotation marks omitted).

Although broadly construing plaintiff's complaint and Spears hearing testimony,[1] the Court nevertheless finds that, for the following reasons, the complaint should be dismissed as frivolous and for otherwise failing to state a claim on which relief may be granted.

As an initial matter, the Court notes that plaintiff has not named a proper defendant. He named as the sole defendant the "custodian (warden, superintendent, jailor, or authorized person having custody of applicant)." That is improper, because a §1983 action must be filed against an actual identified person. Francis v. Terrebonne Parish Sheriff's Office, Civ. Action No. 08-4972, 2009 WL 4730707, at *3 (E.D. La. Dec. 9, 2009); August v. Gusman, Civ. Action No. 06-3962,

---

[1] The court must liberally construe a *pro se* civil rights complaint. See Moore v. McDonald, 30 F.3d 616, 620 (5th Cir. 1994).

2008 WL 466202, at *7 (E.D. La. Feb. 13, 2008); Staritz v. Valdez, No. 3-06-CV-1926, 2007 WL 1498285, at *2 (N.D. Tex. May 21, 2007); Banks v. United States, Civ. Action No. 05-6853, 2007 WL 1030326, at *11 (E.D. La. Mar. 28, 2007); Vollmer v. Bowles, Civ. Action No. 3:96-CV-0081, 1997 WL 102476, at *2 (N.D. Tex. Feb. 28, 1997).  Nevertheless, even if the custodian had been identified, plaintiff has not stated a proper claim against the custodian in either his official capacity or his individual capacity for the following reasons.

"Official capacity suits generally represent another way of pleading an action against an entity of which an officer is an agent."  Burge v. Parish of St. Tammany, 187 F.3d 452, 466 (5th Cir. 1999).  Accordingly, an official-capacity claim against the custodian would in reality be a claim against the local governmental body itself.  Glasper v. Guzman, Civ. Action No. 06-2040, 2009 WL 1507568, at *6 (E.D. La. May 27, 2009); Stewart v. Criminal District Court of Louisiana, Civ. Action No. 08-3731, 2008 WL 4758610, at *3 (E.D. La. Oct. 30, 2008).  However, the United States Fifth Circuit Court of Appeals has explained:

> In order to hold a municipality or a local government unit liable under Section 1983 for the misconduct of one of its employees, a plaintiff must initially allege that an official policy or custom was a cause in fact of the deprivation of rights inflicted.  To satisfy the cause in fact requirement, a plaintiff must allege that the custom or policy served as a moving force behind the constitutional violation at issue or that [his] injuries resulted from the execution of an official policy or custom.  The description of a policy or custom and its relationship to the underlying constitutional violation, moreover, cannot be conclusory; it must contain specific facts.

Spiller v. City of Texas City, Police Department, 130 F.3d 162, 167 (5th Cir. 1997) (quotation marks, brackets, and citations omitted).  Further, "[a] plaintiff may not infer a policy merely because harm resulted from some interaction with a governmental entity."  Colle v. Brazos County, Texas, 981 F.2d 237, 245 (5th Cir. 1993); see also Wetzel v. Penzato, Civ. Action No. 09-7211, 2009 WL

5125465, at *3 (E.D. La. Dec. 23, 2009).  Rather, he must *identify* the policy or custom which allegedly caused the deprivation of his constitutional rights.  See, e.g., Murray v. Town of Mansura, 76 Fed. App'x 547, 549 (5th Cir. 2003); Treece v. Louisiana, 74 Fed. App'x 315, 316 (5th Cir. 2003); Wetzel, 2009 WL 5125465, at *3.  In the instant case, plaintiff does not allege that his constitutional rights were violated as a result of a policy or custom, much less identify such a policy or custom, and, therefore, no official-capacity claim has been properly stated.  See Cooper v. Thomas, 101 Fed. App'x 983 (5th Cir. 2004) (prisoner's official capacity claim dismissed because he "failed to show that any policy implemented by the jail resulted in his exposure to asbestos in violation of the Fourteenth or Eighth Amendments").

Plaintiff has likewise failed to state a proper individual-capacity claim against the custodian.  "Plaintiffs suing governmental officials in their individual capacities ... must allege specific conduct giving rise to a constitutional violation.  This standard requires more than conclusional assertions:  The plaintiff must allege specific facts giving rise to the constitutional claims."  Oliver v. Scott, 276 F.3d 736, 741 (5th Cir. 2002) (citation omitted).  Additionally, "[p]ersonal involvement is an essential element of a civil rights cause of action."  Thompson v. Steele, 709 F.2d 381, 382 (5th Cir. 1983).  Here, plaintiff makes no allegations whatsoever against the custodian, and, most importantly, he does not allege that the custodian was personally aware of the asbestos tiles or involved in plaintiff's exposure to them.  See Tipps v. Leonard, 328 Fed. App'x 302 (5th Cir. 2009) (affirming dismissal for failure to state a claim where there was no indication that the supervisory official personally knew of and disregarded a substantial risk of harm caused by exposure to asbestos, lead

paint, and mold).  Moreover, the custodian cannot be held liable under any theory of strict liability[2] or vicarious liability[3] for federal civil rights violations allegedly committed by a subordinate.

Out of an abundance of caution, the Court additionally notes that even if plaintiff had named a proper defendant, which he has not, he has failed to state a nonfrivolous claim.  It is clear that a prisoner is protected "from deliberate indifference by prison officials as to conditions which pose an unreasonable risk of damage to an inmate's future health," including dangerous exposure to asbestos.  Herman v. Holiday, 238 F.3d 660, 664 (5th Cir. 2001).  That said, "relief is conditioned upon a showing that the inmate was exposed to unreasonably high levels of environmental toxins," and "[t]he risk must be of such a level that today's society would not tolerate it."  Id.

In the instant case, there is no evidence whatsoever of exposure to *any* level of asbestos.  Plaintiff has no evidence that the floor tiles actually contain asbestos, much less that the asbestos is in a form that could be ingested so as to cause respiratory problems.  Further, while plaintiff claims in this case that his alleged health problems are caused by asbestos exposure, he offers different causes for his alleged ailments in his various other lawsuits.  See *supra* note 1.  Simply put, where, as here, a prisoner's claim of asbestos exposure is wholly conclusory, it is frivolous and fails to state a claim on which relief may be granted.  Jenkins v. Livingston, Civ. Action No. 6:09cv560,

---

[2] Harris v. Greer, 750 F.2d 617, 618 (7th Cir. 1984) ("[T]here is no concept of supervisor strict liability under section 1983."); see also Jenkins v. Wood, 81 F.3d 988, 994 (10th Cir. 1996); Evans v. Gusman, Civ. Action No. 08-703, 2008 WL 2223281, at *2 (E.D. La. May 23, 2008); Castillo v. Blanco, Civ. Action No. 07-215, 2007 WL 2264285, at *5 (E.D. La. Aug. 1, 2007).

[3] Thompkins v. Belt, 828 F.2d 298, 303 (5th Cir. 1987) ("Under section 1983, supervisory officials are not liable for the actions of subordinates on any theory of vicarious liability."); see also Oliver v. Scott, 276 F.3d 736, 742 (5th Cir. 2002) ("Section 1983 does not create supervisory or *respondeat superior* liability."); Evans, 2008 WL 2223281, at *2.

2010 WL 3853099, at *4-5 (E.D. Tex. Aug. 31, 2010), adopted, 2010 WL 3853073 (E.D. Tex. Sept. 28, 2010); Parker v. Department of Correction, Civ. Action No. 08-1553, 2009 WL 1402274, at *1 and 5-6 (W.D. La. May 18, 2009).

## RECOMMENDATION

It is therefore **RECOMMENDED** that plaintiff's complaint be **DISMISSED WITH PREJUDICE** as frivolous and for otherwise failing to state a claim on which relief may be granted.

A party's failure to file written objections to the proposed findings, conclusions, and recommendation in a magistrate judge's report and recommendation within fourteen (14) days after being served with a copy shall bar that party, except upon grounds of plain error, from attacking on appeal the unobjected-to proposed factual findings and legal conclusions accepted by the district court, provided that the party has been served with notice that such consequences will result from a failure to object. 28 U.S.C. § 636(b)(1); Douglass v. United Services Auto. Ass'n, 79 F.3d 1415, 1430 (5th Cir. 1996) (en banc).[4]

New Orleans, Louisiana, this tenth day of January, 2011.

_____
**SALLY SHUSHAN**
**UNITED STATES MAGISTRATE JUDGE**

---

[4] Douglass referenced the previously applicable ten-day period for the filing of objections. Effective December 1, 2009, 28 U.S.C. § 636(b)(1) was amended to extend that period to fourteen days.